Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| Marcos Pentol Ortiz y Palmas Property Management, LLC<br><br>**Peticionario**<br><br>V.<br><br>Alexander L. Lemond por sí y en representación de la Sociedad Legal de Gananciales compuesta con Nicole ComisLemond; Steven Stewart; Encanto Group, LLC.; Solarea Resort, LLC.; Solarea Beach Resort, LLC.<br><br>**Recurrida** | TA2025CE00937 | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Humacao<br><br>Civil Núm. HU2020CV00158<br><br>Sobre: Incumplimiento De Contrato, Cobro De Dinero Acción, Reivindicatoria y Daños y Perjuicios |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

**Hernández Sánchez, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 23 de enero de 2026.

El 22 de diciembre de 2025, el Sr. Marcos Pentol Ortiz (señor Pentol) y Palmas Property Management, LLC, (en conjunto, los peticionarios), comparecieron ante nos mediante *Certiorari* y solicitaron la revisión de una *Resolución* que se emitió el 17 de noviembre de 2025 y se notificó el 18 de noviembre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI). Mediante el aludido dictamen, el TPI declaró No Ha Lugar una *Moción Solicitando que se Dicte Sentencia Parcial o se Hagan Determinaciones de Hechos Conforme a la Regla 36.4* que presentaron los peticionarios.

Por los fundamentos que expondremos a continuación **denegamos** el recurso de epígrafe.

I.

El 4 de febrero de 2020, los peticionarios, presentaron *Demanda* sobre incumplimiento de Contrato, cobro de dinero y acción reivindicatoria.[1] En respuesta, el 24 de julio de 2020, Encanto Group, LLC; Solarea Resort, LLC y Solarea Beach Resort (ESS o los recurridos) radicaron *Contestación a Demanda y Reconvención*.[2]

Luego de varios trámites procesales, el 26 de agosto de 2020, los peticionarios notificaron un *Primer Pliego de Interrogatorio, Producción de Documentos y Requerimiento de Admisiones* a los recurridos. Transcurrido el término establecido para someter las contestaciones al Requerimiento de Admisiones, ESS no presentó su contestación, por lo que el 16 de septiembre de 2020, los peticionarios presentaron *Solicitud de Sentencia Sumaria Parcial*.[3] En lo pertinente, arguyeron que todas las cuestiones contenidas en el Requerimiento de Admisiones debían darse por admitidas, por lo que solicitaron que se dictara sentencia a su favor y se ordenara a las partes demandadas el pago de $174,027.59.

Atendida la solicitud, el 30 de septiembre de 2020, el TPI notificó una *Sentencia Parcial* mediante la cual declaró Ha Lugar la *Solicitud de Sentencia Sumaria Parcial* y dio por admitidas de forma tácita las admisiones comprendidas en el Requerimiento de Admisiones.[4] En consecuencia, condenó a ESS a pagar a los peticionarios la cantidad de $174,027.59.

Inconformes con el dictamen, los recurridos presentaron un recurso de *Apelación* ante un panel hermano en el caso núm. KLAN202200908.[5] En lo pertinente, solicitaron la revocación de la *Sentencia Parcial*, y argumentaron que el TPI no les había concedido

---

[1] *Véase*, Entrada Núm. 1, SUMAC TPI.
[2] *Véase*, Entrada Núm. 22, SUMAC TPI.
[3] *Véase*, Entrada Núm. 25, SUMAC TPI.
[4] *Véase*, Entrada Núm. 34, SUMAC TPI.
[5] *Véase*, Entrada Núm. 110, SUMAC TPI.

el término de veinte (20) días dispuesto en las Reglas de Procedimiento Civil para oponerse a la *Solicitud de Sentencia Sumaria Parcial*. Atendido el recurso, el 23 de diciembre de 2022, nuestro panel hermano emitió una *Sentencia*, mediante la cual confirmó que el Requerimiento de Admisiones había sido dado por admitido. Sin embargo, revocó el dictamen de la Sentencia Parcial y devolvió el caso para se le concediera un término a los aquí recurridos para responder a la *Solicitud de Sentencia Sumaria Parcial.*

Luego de varios trámites procesales que no son pertinentes discutir y devuelto el caso al TPI para continuar con los procedimientos, el 22 de junio de 2023, ESS presentó una Moción de *Oposición a Moción de Sentencia Parcial*.[6] En síntesis, argumentaron que en el Requerimiento de Admisiones no se realizaron preguntas sobre la alegada deuda de $75,000.00 por concepto de servicios prestados durante los meses de octubre a diciembre 2019. De igual forma, alegaron que, de la forma en que estaban redactados los requerimientos tampoco se podía concluir que adeudaran la cantidad de $99,027.59, ya que la frase "resta por pagar" no es equivalente a la frase "se adeuda". Además, sostuvieron que no procedía dictar sentencia parcial a favor de los peticionarios, debido a que no anejaron con la Solicitud de Sentencia Sumaria Parcial una declaración jurada, según dispone la Regla 36.3 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R.36.3. Por lo tanto, rechazaron en su oposición que adeudaran dichas cantidades a los peticionarios.

En respuesta el, 10 de julio de 2023, los apelantes presentaron *Réplica a Oposición a Moción de Sentencia Parcial*.[7] En síntesis, reiteraron sus argumentos de que no existía controversia

---

[6] *Véase*, Entrada Núm. 119, SUMAC TPI.
[7] *Véase*, Entrada Núm. 120, SUMAC TPI.

en cuanto a que los recurridos adeudan la cantidad de $99,027.59, conforme al Requerimiento de Admisiones que se dio por admitido. Sin embargo, admitieron que, por inadvertencia, no se incluyó entre los requerimientos lo relacionados a los $75,000.00 que se alegaba que debían los recurridos por concepto de los servicios prestados en los meses de octubre a diciembre de 2019. En cuanto a la alegación de los recurridos relacionada a que no se sometió con la Solicitud de Sentencia Sumaria Parcial una declaración jurada, expresaron que no era necesario, toda vez que las Reglas de Procedimiento Civil permitían que una solicitud de sentencia sumaria fuese acompañada de admisiones de las partes y no requería que se sometieran declaraciones juradas.

Evaluados los escritos de las partes, **el 10 de agosto de 2023, el TPI emitió y notificó una *Orden*, mediante la cual declaró No Ha Lugar la *Solicitud de Sentencia Sumaria Parcial* presentada por los peticionarios**.[8] En desacuerdo con esta determinación, el 21 de agosto de 2023, los **peticionarios presentaron una *Moción de Reconsideración*.**[9] Arguyeron que, la *Orden* notificada el 10 de agosto de 2023, fue emitida "sin expresión adicional, ni fundamento procesal o sustantivo alguno". **El 29 de agosto de 2023, el TPI notificó una *Orden* declarando "[n]o ha lugar" la Moción de Reconsideración sin hacer expresión adicional.**[10] De tal dictamen, ninguna de las partes recurrió.

Luego de varios incidentes procesales, los cuales no con necesarios pormenorizar, el 30 de julio de 2025, los peticionarios presentaron nuevamente una *Moción Solicitando que se Dicte Sentencia Parcial o se Hagan Determinaciones de Hechos Conforme a la Regla 36.4*, en la cual solicitaron que se dejara sin efecto la

---

[8] *Véase*, Entrada Núm. 127, SUMAC TPI.
[9] *Véase*, Entrada Núm. 130, SUMAC TPI.
[10] *Véase*, Entrada Núm. 132, SUMAC TPI. Nótese que, los peticionarios no recurrieron al Tribunal de Apelaciones contra tal dictamen, por lo cual advino final.

*Orden* del 10 de agosto de 2023, se dictara Sentencia Sumaria Parcial a su favor o en la alternativa que se emitiera una Resolución con las Determinaciones de Hechos no controvertidos conforme a la Regla 36.4 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R.36.4.[11] En respuesta, el 21 de agosto de 2025, los recurridos presentaron *Oposición a la Moción Solicitando que se Dicte Sentencia Parcial o se Hagan Determinaciones de Hechos Conforme a la Regla 36.4 Presentada por el Demandante.*[12] Mediante su escrito sostuvieron la posición de sus escritos anteriores y argumentaron que no procedía emitir sentencia o determinaciones de hechos, toda vez que la *Orden* del 10 de agosto de 2023, constituía cosa juzgada y la ley del caso.

Atendidas las mociones presentadas, el 17 de noviembre de 2025, el TPI emitió una *Resolución* que se notificó el 18 de noviembre de 2025, en la cual indicó que el pasado 23 de diciembre de 2022, un panel hermano emitió una *Sentencia* en el caso KLAN202200908, mediante la cual confirmó que el Requerimiento de Admisiones había sido dado por admitido. Además, señaló que no se solicitó la revisión de dicha *Sentencia*, por lo que, cualquier controversia relacionada al Requerimiento de Admisiones, advino final y firme. Así las cosas, y reevaluado el expediente del caso, determinó que lo procedente era la continuación del pleito. Finalmente, declaró No Ha Lugar la Moción para que se dictara Sentencia Parcial o se hagan Determinaciones de Hechos conforme a la Regla 36.4 que presentaron los peticionarios y ordenó la continuación de los procedimientos del caso.

Inconformes, el 2 de diciembre de 2025, los peticionarios solicitaron *Reconsideración.*[13] En atención a ello, el 3 de diciembre

---

[11] *Véase*, Entrada Núm. 153, SUMAC TPI.
[12] *Véase*, Entrada Núm. 155, SUMAC TPI.
[13] *Véase*, Entrada Núm. 159, SUMAC TPI.

de 2025 emitió una *Orden*, notificada el 4 de diciembre de 2025, en la cual declaró No Ha Lugar la Reconsideración.[14] Aún en desacuerdo, el 22 de diciembre de 2025, los peticionarios presentaron el recurso de epígrafe y formularon los siguientes señalamientos de error:

> **Primer Error: Erró el Tribunal de Primera Instancia al emitir una Resolución (SUMAC #157) en lugar de una sentencia parcial, a pesar de que no existe controversia sobre una deuda líquida y exigible ascendente a $99,027.59.**

> **Segundo Error: Erró el Tribunal de Primera Instancia al no emitir una sentencia parcial, a pesar de existir los criterios necesarios para hacerlo bajo la Regla 42.3 de las Reglas de Procedimiento Civil y la jurisprudencia aplicable.**

Atendido el recurso, el 12 de enero de 2026, emitimos una *Resolución* concediéndole a la parte recurrida hasta el 16 de enero de 2026 para presentar su oposición al recurso. Oportunamente, ESS presentó su *Oposición a la Expedición del Auto de Certiorari en la Alternativa Oposición al Recurso de Certiorari*, en la que negaron que le TPI cometiera los errores que la parte peticionaria le imputó. Así, con el beneficio de la comparecencia de las partes y a la luz del derecho aplicable, resolvemos. *Veamos.*

II.

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Los tribunales apelativos tenemos la facultad para expedir un *Certiorari* de manera discrecional. Íd., pág. 847. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró*, 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al

---

[14] *Véase*, Entrada Núm. 160, SUMAC TPI.

discernimiento judicial para llegar a una conclusión justa. Íd., pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *Certiorari* no es absoluta. Íd. Esto ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. Íd. Así, "el adecuado ejercicio de la discreción judicial esta inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece que el recurso de *Certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo la Regla 56 (Remedios Provisionales) y la Regla 57 (*Injunction*) de las Reglas de Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo y; (3) por excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios probatorios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público; y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

Por su parte, la Regla 40 del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, págs. 59-60, 215 DPR \_\_\_\_ (2025), enmarca los criterios que debe evaluar este tribunal al expedir un auto de *Certiorari.* La aludida regla establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró*, supra, pág. 335. La norma vigente es que los tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando este haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago*, 176 DPR 559, 581 (2009).

III.

Luego de examinar la totalidad del expediente ante nuestra consideración, a la luz de los criterios de la Regla 40 del Tribunal de Apelaciones, *supra*, no identificamos razón por la cual este Foro deba intervenir con el dictamen recurrido. Ello, ya que no se configura ninguna de las situaciones que allí se contemplan. Recordemos que nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios en los que el TPI haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro, surja un error en la interpretación o la aplicación de cualquier norma procesal o de

derecho sustantivo. Reiteramos que en el recurso que aquí atendemos no se nos ha demostrado que haya alguno de estos escenarios.

IV.

Por los fundamentos antes expuestos, ***denegamos*** el recurso de *Certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones